# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

_____

THOMAS A. MANZ,                        Cause No. CV 04-23-M-LBE

      Petitioner,

   vs.                                 FINDINGS AND RECOMMENDATION OF
                                       UNITED STATES MAGISTRATE JUDGE
MIKE McGRATH, Attorney
General,

      Respondent.

_____

On May 10, 2005, this Court issued an Order denying Petitioner's Motion for Reconsideration.  (Dkt. #6).  In that Order, the Court directed Petitioner to file a motion with the Ninth Circuit Court of Appeals requesting an order authorizing this Court to consider his petition in this case.  (Id.).  The Court further ordered Petitioner to file a status report, on or before July 1, 2005, indicating the progress of his motion with the Ninth Circuit Court of Appeals.  The Court informed Petitioner that failure to obtain an order from the Ninth Circuit could result in a recommendation of a dismissal of his petition. (Id.).

When the Court did not receive the status report as ordered, it issued a Show Cause Order requiring Petitioner to show cause on or before October 3, 2005 (within ten (10) days of September

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

16, 2006) why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

Plaintiff filed nothing in response to that Order and has filed nothing in this case since September 3, 2004.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's failure to respond to this Court's Orders and failure to obtain

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 2

an order authorizing this Court to consider his petition in this case, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983).  As set forth above, Petitioner has filed nothing in this case since September 3, 2004.  The matter pending before this Court is a second or successive petition and Petitioner has not obtained an order from the Ninth Circuit authorizing this Court to hear the petition.  The delay in this case has been substantial and the Court has little trouble in stating that this delay has and will continue to interfere with the docket management.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987).  Respondent has not been required to enter an appearance in this matter.  However, given Petitioner's failure to respond to this Court's Orders or file anything in this case in the past year and a half, the matter could linger indefinitely and prejudice Respondent.

The Court has considered the possibility of and provided

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 3

less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  Id.  Petitioner has been given two opportunities to proceed in this matter (the Order denying Petitioner's Motion for Reconsideration and the Court's Show Cause Order (Dkt. #s 6 and 7)) and he has failed to do so.

Although the Court could grant Petitioner additional time to respond, this alternative appears futile given Petitioner's refusal to respond to the Court's prior Orders.  Petitioner will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Petitioner the chance to challenge this Court's rulings.

The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits.  Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

This Court has previously found that Mr. Manz's petition is

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 4

a "second or successive" petition under Section 2244(b). (See

Dkt. # 4).  Petitioner has failed to obtain an Order from the

Ninth Circuit Court of Appeals authorizing this Court to hear the

merits of this petition.  Accordingly, this Court lacks

jurisdiction to hear this matter.  U.S. v. Allen, 157 F.3d 661,

664 (9th Cir. 1998); 28 U.S.C. § 2244(b)(4).

Moreover, it being found that Petitioner has refused to

respond to the Court's Orders regarding obtaining an order from

the Ninth Circuit Court of Appeals authorizing this Court to hear

Petitioner's second or successive petition, and the Court finding

that the relevant factors weigh in favor of dismissing the

Petition filed pursuant to 28 U.S.C. § 2254, the Court enters the

following:

**RECOMMENDATION**

That Mr. Manz's Petition for Writ of Habeas Corpus be

**DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and

Recommendation of the United States Magistrate Judge upon

Petitioner.  Petitioner. is advised that pursuant to 28 U.S.C. §

636(b)(1), he has the right to file written objections to this

Findings and Recommendation.  Any objections to the Findings and

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 5

Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 24th day of May, 2006.

    /s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 6